GARY W. LAING and SANDRA LAING,

                    Plaintiffs,

vs.                                  Case No.  2:11-cv-566-FtM-29SPC

FRANK CORDI, III, as President for
and d/b/a Pack & Ride; PACK & RIDE,
INC., a Virginia Corporation; ROBERT
W. ESTES, JR., as President for
Estes Express Lines, Inc.; and ESTES
EXPRESS LINES, INC., a Virginia
corporation,

                    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendant Estes Express Lines, Inc.'s Motion to Dismiss Counts III - IX of the Amended Complaint (Doc. #5) filed on October 10, 2011, and Defendant Robert W. Estes, Jr.'s Motion to Dismiss Counts III - IX of the Amended Complaint (Doc. #6), adopted by Defendant Frank Cordi, III (Doc. #7), filed on October 11, 2011.  Plaintiffs filed a Memorandum in Opposition to the Motion to Dismiss Counts III - IX of the Amended Complaint as to Defendant Frank Cordi, III and Robert W. Estes, Jr. (Doc. #8) on November 1, 2001.  Plaintiffs then filed a Motion to

Drop Defendant, Robert W. Estes, Jr. (Doc. #11) on November 10, 2011, which was subsequently granted by the Court (Doc. #12).

## I.

The nine-count Amended Complaint (Doc. #2) sets forth claims arising from the transportation of plaintiffs' household goods from Michigan to Florida in 2009.  In addition to two federal claims under the Interstate Commerce Act, 49 U.S.C. § 13101, *et seq.*, the Amended Complaint sets forth seven state law claims of civil theft, breach of contract, conversion, extortion, fraud in the inducement, fraudulent misrepresentation, and unjust enrichment.  (Doc. #2.)

Estes Express Lines' Motion to Dismiss asserts that plaintiffs' state law claims are preempted by the Interstate Commerce Act.  (Doc. #5, p. 3.)  Frank Cordi, III's Motion to Dismiss asserts that the Carmack Amendment's preemption extends to carrier employees and that plaintiffs' Amended Complaint is an impermissible shotgun pleading.  (Doc. #6, pp. 3-4.)  In response, plaintiffs contend that the claims against Frank Cordi, III should not be preempted because he is employed by a "broker" and the Carmack Amendment does not apply to brokers.  (Doc. #8, p. 2.)

## II.

The liability of a carrier for the loss of, or damage to, an interstate shipment of goods is governed by the Carmack Amendment. Adams Express Co. v. Croninger, 226 U.S. 491, 503-04 (1913).  The Carmack Amendment provides that a shipper may recover "for the

actual loss or injury to the property" caused by a carrier.  49 U.S.C. § 14706(a)(1); <u>Malloy v. Allied Van Lines, Inc.</u>, 267 F. Supp. 2d 1246, 1251 (M.D. Fla. 2003); <u>see also</u> <u>A.I.G. Uru. Compania de Seguros, S.A. v. AAA Cooper Transp.</u>, 334 F.3d 997, 1003 (11th Cir. 2003).  The term "carrier," or in this case, a "motor carrier," is "a person providing motor vehicle transportation for compensation."  49 U.S.C. § 13102(14).  The Carmack Amendment creates a uniform rule governing carrier liability when goods are shipped in interstate commerce by preempting "state law claims arising from failures in the transportation and delivery of goods." <u>Smith v. UPS</u>, 296 F.3d 1244, 1246 (11th Cir. 2002); <u>see</u> <u>Adams Express</u>, 226 U.S. at 505-06 ("Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulations with reference to it.").  Situations may exist in which the Carmack Amendment does not preempt all state and common law claims, but the claims must be "based on conduct separate and distinct from the delivery, loss of, or damage to goods escape preemption."  <u>Smith</u>, 296 F.3d at 1249.

The Carmack Amendment applies to "carriers" and "freight forwarders," but not "brokers."[1]  49 U.S.C. § 14706(a); <u>see also</u>

---

[1] A broker is "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or (continued...)

<u>Hewlett-Packard Co. v. Brother's Trucking Enters.</u>, 373 F. Supp. 2d 1349, 1351 (S.D. Fla. 2005). The distinction between a broker and a carrier is often blurry. The key distinction is whether the party has "accepted and legally bound themselves to transport" a shipment, in which case it is considered a carrier. 49 C.F.R. § 371.2(a); <u>see also</u> <u>CGU Int'l Ins., P.L.C. v. Keystone Lines Corp.</u>, No. C-02-3751 SC, 2004 U.S. Dist. LEXIS 8123, at *5 (N.D. Cal. May 3, 2004). If the party is a carrier, the Carmack Amendment will apply and preempt any state law claims related to the delivery of the goods; however, if the party is a broker, the state law claims will not be preempted. <u>See</u> <u>Hewlett-Packard</u>, 373 F. Supp. 2d at 1352; <u>Chubb Group of Ins. Cos. v. H.A. Transp. Sys.</u>, 243 F. Supp. 2d 1064, 1069 (C.D. Cal. 2002).

After reviewing the Amended Complaint (Doc. #2), the Court cannot resolve the substantive issues because the Amended Complaint is a shotgun pleading. A shotgun pleading is a pleading that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." <u>Wagner v. First Horizon Pharm. Corp.</u>, 464 F.3d 1273, 1279 (11th Cir. 2006). As a result, most of the counts in a typical shotgun complaint "contain irrelevant factual allegations and legal conclusions."

---

[1](...continued)
arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2).

<u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002).

Plaintiffs' Amended Complaint incorporates all of the facts and allegations contained in the preceding paragraphs into each count (Doc. #2, ¶¶ 39, 42, 46, 51, 57, 60, 64, 70, 76), but fails to distinguish which facts are relevant to establish each count, leaving the reader to wonder which of the prior paragraphs support the elements of the claim.[2]  <u>See</u> <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001) ("Each count incorporates by reference the allegations made in a section entitled 'General Factual Allegations' . . . while also incorporating the allegations of any count or counts that precede it.  The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried . . . ."); <u>see also</u> <u>Wagner</u>, 464 F.3d at 1279 (plaintiffs' shotgun pleading failed to establish the connection between the substantive counts and the asserted facts).  The Eleventh Circuit has routinely and explicitly condemned "shotgun pleadings," <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 979 n.54 (11th Cir. 2008), and has stated that neither the district

---

[2]For instance, in Count VI of the Amended Complaint, plaintiffs assert that "[t]he Defendants extorted the Plaintiffs with the telephone threats as detailed above."  (Doc. #2, ¶ 62.) Without additional information, the defendants and the court must sift through the previous sixty-one paragraphs to determine what telephone threats were made and which defendant(s) made them, only to learn that the facts allege two separate calls, but only one of the paragraphs names a defendant.  (Doc. #2, ¶¶ 26, 36.)

courts nor the defendants are required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." Beckwith v. Bellsouth Telecoms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, 305 F.3d at 1296 n.9 (citations omitted)).

Furthermore, by indiscriminately lumping defendants together, plaintiffs have failed to comply with Federal Rule of Civil Procedure 8. Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that each allegation be pleaded in a "simple, concise, and direct" manner. Fed. R. Civ. P. 8(a)(2), (d)(1). Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997), factual allegations must give each defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). Accordingly, at times, a plaintiff's "grouping" of defendants in a complaint may require a more definite statement. See Veltmann v. Walpole Pharm., 928 F. Supp. 1161, 1164 (M.D. Fla. 1996); Lane v. Capital Acquisitions & Mgmt., Co., No. 04-60602, 2006 WL 4590705, at *5 (M.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to

distinguish their conduct, the [] Complaint fails to satisfy the minimum standards of Rule 8.").

Here, plaintiffs' Amended Complaint names four defendants[3] and alleges nine separate counts; however, only the first two counts are specific as to any defendant.  In the remaining counts, plaintiffs simply assert that the "Defendants" are responsible for the particular cause of action.  It is unclear whether plaintiffs are alleging Counts III – IX against all of the defendants or only certain defendants.  See Magluta, 256 F.3d at 1284 ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.").  For example, in Count IV, plaintiffs allege that the "Defendants agreed to a valid email contract" (Doc. #2, ¶ 53), but nowhere in the complaint does it indicate which parties agreed to the contract.

When faced with a shotgun pleading, a district court should require the party to file an amended complaint rather than allow such a case to proceed to trial.  Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001).  Therefore, the Amended Complaint will be dismissed without prejudice and with leave to amend.

Accordingly, it is now

_____

[3]The allegations against Defendant Robert W. Estes, Jr. were dropped by plaintiffs on November 10, 2011.  (Doc. #12.)

**ORDERED:**

1. Defendants Estes Express Lines, Inc. (Doc. #5) and Frank Cordi, III's Motions to Dismiss Counts III - IX of Amended Complaint (Doc. #6) are **GRANTED,** and the Amended Complaint (Doc. #2) is dismissed without prejudice.

2. Plaintiffs may file a second amended complaint **WITHIN TWENTY ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of July, 2012.

_John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:

Counsel of record