```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

GARY W. LAING and SANDRA LAING,

        Plaintiffs,

vs.                                   Case No.   2:11-cv-566-FtM-29SPC

FRANK CORDI, III, as President for and d/b/a Pack & Ride; PACK & RIDE, INC., a Virginia Corporation; ROBERT W. ESTES, JR., as President for Estes Express Lines, Inc.; and ESTES EXPRESS LINES, INC., a Virginia corporation,

        Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on Defendant Estes Express Lines, Inc.'s Motion to Dismiss Counts III - V of Second Amended Complaint (Doc. #23) filed on August 14, 2012.  Plaintiffs filed a Memorandum of Law in Opposition to the Motion to Dismiss (Doc. #24) on August 28, 2012.

**I.**

Plaintiffs' Amended Complaint (Doc. #2) was originally filed in state court, but was removed to this Court on October 4, 2011. See Notice of Removal (Doc. #1).  Defendants filed Motions to Dismiss the Amended Complaint as an impermissible shotgun pleading (Docs. ## 5, 6), which were granted by the Court (Doc. #21) on July 23, 2012.  Plaintiffs were granted leave to amend and filed a Second Amended Complaint (Doc. #22) on August 10, 2012.

The facts alleged in the Second Amended Complaint are as follows: Plaintiffs, Gary W. Laing and Sandra Laing (collectively, plaintiffs), contacted Defendant Pack & Ride, Inc. (Pack & Ride) in June 2009 to arrange for the transportation of their personal and household goods from Michigan to Florida.  (Doc. #22, ¶ 9.) Plaintiffs, unwilling to accept Pack & Rides' terms and conditions, arranged for the services of a competitor.  (Id. at ¶¶ 10-12.)  A trailer was delivered to their residence on June 5, 2009, and, upon its arrival, plaintiffs attempted to pay the agreed upon deposit. (Id. at ¶¶ 13-16.)  After loading the trailer with most of their personal and household goods, plaintiffs learned that the trailer was not delivered by the competitor, but rather by Pack & Ride. (Id. at ¶¶ 17-18.)  The trailer was picked up by the carrier, Estes Express Lines, Inc. (Estes) on June 8, 2009, and plaintiffs were not provided with a contract, a bill of lading, or a document identifying the owner of the trailer or the party moving their property.[1]  (Id. at ¶¶ 19, 22.)

Plaintiffs were eventually informed by Defendant Frank Cordi, III, the president of Pack & Ride, that they would never see their property again unless they signed Pack & Ride's contract.  (Id. at ¶ 24.)  Although plaintiffs refused to sign the contract, the trailer was eventually transported to Fort Myers, Florida and an

---

[1] The facts alleged in the Second Amended Complaint do not indicate how or when plaintiffs learned that Estes was the carrier.

agreement was reached for plaintiffs to take delivery of their goods. (Id. at ¶¶ 28-29.) On August 7, 2009, plaintiffs attempted to tender the agreed upon amount, but refused to sign a belated bill of lading or pay any additional costs. (Id. at ¶¶ 30-32.) Plaintiffs ultimately received their property on November 13, 2009; however, upon delivery, plaintiffs discovered most of their household goods and personal property were either missing or destroyed. (Id. at ¶ 34-35.)

Plaintiffs set forth five counts in their Second Amended Complaint. Counts I and II, asserted against Estes and Pack & Ride respectively, are federal law claims based on the Carmack Amendment, 49 U.S.C. § 14706. The remaining counts, based on state law, are as follows: conversion (Count III); civil theft (Count IV); and breach of settlement agreement (Count V). (Doc. #22.) Counts III and IV are asserted against all defendants and Count V is asserted only against Estes and Pack & Ride. In response, Estes filed a Motion to Dismiss pursuant to Rule 12(b)(6) asserting that the state law claims against them should be dismissed because they are preempted by the Interstate Commerce Act. (Doc. #23, p. 2.)

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d

840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in the complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (discussing a 12(b)(6) dismissal); Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall, 610 F.3d at 708 n.2. A claim is plausible when the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Thus, "the-defendant-unlawfully-harmed-me accusation" is insufficient. Iqbal, 556 U.S. at 678. "Nor does a complaint

suffice if it tenders naked assertions devoid of further factual enhancement." Id.

### III.

The liability of a carrier for the loss of, or damage to, an interstate shipment of goods is governed by the Carmack Amendment. Adams Express Co. v. Croninger, 226 U.S. 491, 503-04 (1913). The Carmack Amendment provides that a shipper may recover "for the actual loss or injury to the property" caused by a carrier. 49 U.S.C. § 14706(a)(1); Malloy v. Allied Van Lines, Inc., 267 F. Supp. 2d 1246, 1251 (M.D. Fla. 2003); see also A.I.G. Uru. Compania de Seguros, S.A. v. AAA Cooper Transp., 334 F.3d 997, 1003 (11th Cir. 2003). The term "carrier," or in this case, a "motor carrier," is "a person providing motor vehicle transportation for compensation."[2] 49 U.S.C. § 13102(14). The Carmack Amendment creates a uniform rule governing carrier liability when goods are shipped in interstate commerce by preempting "state law claims arising from failures in the transportation and delivery of goods." Smith v. United Parcel Serv., 296 F.3d 1244, 1246 (11th Cir. 2002); see Adams Express, 226 U.S. at 505-06 ("Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulations with reference to it.").

---

[2] Both parties agree that Estes is a carrier for purposes of the Carmack Amendment. (Doc. #22, ¶ 8; Doc. #23, p. 3.)

Situations may exist in which the Carmack Amendment does not preempt all state and common law claims, but the claims must be "based on conduct separate and distinct from the delivery, loss of, or damage to goods [to] escape preemption." Smith, 296 F.3d at 1249.

In response to Estes' Motion to Dismiss, plaintiffs challenge the scope of the Carmack Amendment's preemptive effect. Plaintiffs contend that Counts III - V, with respect to Estes,[3] do not fall within the reach of the Carmack Amendment because they are based on conduct that is separate and distinct from the delivery, loss, or damage to their personal goods.[4] (Doc. #24, p. 4.) The Court disagrees.

Plaintiffs' claims for conversion and civil theft are predicated on Estes' alleged failure to deliver plaintiffs' goods. Although plaintiffs allege that Estes knowingly, intentionally, and maliciously appropriated and converted plaintiffs' personal property (Doc. #22, ¶¶ 51, 60, 63, 64), these contentions do not alter the fact that the claims are based on Estes' alleged failure

---

[3]Plaintiffs also assert that the Carmack Amendment does not preempt the claims against Frank Cordi III and Pack & Ride, Inc. (Doc. #24, p. 5); however, the Court will not address this issue because it was not raised in the Motion to Dismiss.

[4]The only legal authority relied on by plaintiffs is Sokhos v. Mayflower Transit, Inc., 691 F. Supp. 1578 (D. Mass. 1988); however, the First Circuit limited the opinion in Rini v. United Van Lines, Inc., 104 F.3d 502, 506 (1st Cir. 1997). Furthermore, Sokhos is not controlling in the Eleventh Circuit.

to deliver their personal property.  See Smith, 296 F.3d at 1247 (finding Carmack Amendment preemption of alleged claims for fraud, negligence, wantonness, and outrage for failing to properly deliver plaintiff's goods); see also Hughes v. United Van Lines, Inc., 829 F.2d 1407, 1412 n.5, 1415 (7th Cir. 1987) (holding that the Carmack Amendment preempted a plaintiff's claims for negligence, breach of contract, conversion, intentional misrepresentation, negligent misrepresentation, and negligent infliction of emotional distress).

The same holds true for plaintiffs' claim alleging a breach of the settlement agreement.  While the Eleventh Circuit has recognized that a shipper's claim against a carrier may be excluded from the reach of the Carmack Amendment if it is "separate and distinct" from the delivery, loss of, or damage to goods, Smith, 296 F.3d at 1248-49, plaintiffs have provided no basis for a conclusion that the breach of the settlement agreement to deliver plaintiffs' property is based on conduct that is separate and distinct from Estes' failure to transport and deliver their goods. See Casamassa v. Walton P. Davis Co., No. 2:07-cv-317-34DNF, 2008 WL 879412, at *4 (M.D. Fla. Mar. 28, 2008) (holding that a breach of contract claim was not based on separate and distinct conduct). Because plaintiffs' state law claims are patently related to Estes' alleged failure to deliver plaintiffs' household goods, they cannot escape preemption and will be dismissed with prejudice.

Accordingly, it is now

**ORDERED:**

Defendant Estes Express Lines, Inc.'s Motion to Dismiss Counts III - V of Second Amended Complaint (Doc. #23) is **GRANTED.** Counts III - V of Plaintiffs' Second Amended Complaint (Doc. #22) are **DISMISSED WITH PREJUDICE** as to the claims against Estes Express Lines, Inc.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of October, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record