UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**GARY W. LAING and SANDRA LAING,**

    **Plaintiffs,**

v.                                                        Case No. 2:11-cv-566-FtM-29SPC

**FRANK CORDI, III, as President for
and d/b/a Pack & Ride; PACK & RIDE,
INC., a Virginia Corporation; and
ESTES EXPRESS LINES, INC., a
Virginia corporation,**

    **Defendants.**
_____/

## ORDER

    This matter comes before the Court on Plaintiffs' Motion for Entry of Default by Clerk Against Defendants, Pack & Ride, Inc. and Frank Cordi, III (Doc. #27), filed September 28, 2012.  Plaintiffs move the Court to enter a clerk's default against Defendants Frank Cordi, III and Pack & Ride, arguing that these Defendants have failed to respond to Plaintiffs' Second Amended Complaint, which was filed August 10, 2012.  (Doc. #22).

    After being served with a complaint, a defendant must answer within 21 days, provided service has not been waived.  Fed. R. Civ. P. 12(a)(1)(A)(i).  The entry of a clerk's default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Before a clerk's default can be issued, the serving party must establish that the defaulting party was properly served.  Kelly v. Florida, 2007 WL 295419 *2 (11th Cir. Jan. 31, 2007); ABS-SOS Plus Partners Ltd. v. Vein Associates of

America, Inc., WL 5191701 *1-2 (M.D. Fla. Dec. 10, 2008) (citing DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003)).

The Court notes that the Verified Returns of Service attached to Plaintiff's Motion for Default are the returns of service for the original complaint, as they indicate service was made on Defendants on October 3, 2011 (the Second Amended Complaint was not filed until August 2012). Federal Rule of Civil Procedure 5(a)(1)(B) states that pleadings filed after the original complaint must be served on every party. "When serving a pleading subsequent, such as the Second Amended Complaint, the plaintiff need only mail a copy of the pleading to the last known address of the person served." Vax-D Med. Tech., LLC v. Tex Spine Med. Ctr., 485 F.3d 593, 597 (11th Cir. 2007) (citing Fed. R. Civ. P. 5(b)(2)(B)). Rule 5(b)(2)(C) specifies that service of such pleadings may be made by "mailing it to the person's last known address—in which event service is complete upon mailing."

In this case, the only returns of service before the Court are those for the original complaint, which show that service was effected upon the Defendants on October 3, 2011 – when this action was still pending in State Court (this is a removal case). It is unclear whether Plaintiff attempted formal service of process of the Second Amended Complaint. Upon review of the Verified Return of Service for Defendant Frank Cordi, III, it shows that Defendant's "son," identified as Jordan Cordi, who is over the age of 15, was served with the Summons and Complaint at Defendant's domicile located at 13313 Lauren Lane, Midlothian, Virginia, 23114. According to the Florida Rules of Civil Procedure (which governed service of the original Complaint in this case since the case was still in State Court when service of the original Complaint was effected), personal service upon an out of state Defendant is made in the same manner as service within the state. See Fla. Stat. § 48.194(1). Under Florida law service upon

an individual must be effected "by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a). Therefore, the Court finds that substitute service on the individual Defendant, Frank Cordi, III, by leaving a copy of the Summons and Original Complaint with his son, who is over the age of 15, was proper under Florida law. A review of the Certificate of Service in the Second Amended Complaint shows that a copy was mailed to Frank Cordi, III. (Doc. #22, p. 11). This was proper pursuant to Federal Rule 5 because as identified by Eleventh Circuit: "[w]hen serving a pleading subsequent, such as the Second Amended Complaint, the plaintiff need only mail a copy of the pleading to the last known address of the person served." Vax-D Med. Tech., 485 F.3d at 597 (citing Fed. R. Civ. P. 5(b)(2)(B). Therefore, because Defendant Frank Cordi, III has failed to file a response within 21 days of being served with the Second Amended Complaint, the Court finds the entry of a clerk's default on him is proper.

With regard to service on the Virginia corporation, Pack & Ride, Inc., Fl. Stat. § 48.081 notes that a corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). As an alternative, process may be served on the agent designated by the corporation as its registered agent. The conditions imposed by Florida Stat. § 48.081 must be strictly complied with and valid service on a corporation may be effected only by complying with such statute. S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002); Bank of America, N.A. v. Bornstein, 39 So.3d 500, 502 (Fla. 4th DCA 2010); Richardson v. Albury, 505 So. 2d 521, 522-23 (Fla. 2d DCA 1987)

In this case, service on Pack & Ride, Inc. was made by leaving a copy of the Summons and Complaint with Jordan Cordi, son of the President of Pack & Ride, Inc. Yet, there is no indication that Jordan Cordi was authorized to accept service on behalf of the corporation. Nor is he listed as the registered agent for Pack & Ride, Inc. with the Commonwealth of Virginia State Corporation Commission. Therefore, because the record indicates that corporate service on Pack & Ride, Inc. was not conducted in accordance with Florida law, subsequent service by mail of the Second Amended Complaint cannot be considered valid. Therefore, the entry of clerk's default against Pack & Ride, Inc. is denied at this time due to lack of service and notice of the pleadings.

Accordingly, it is now

**ORDERED**:

(1) Plaintiffs' Motion for Entry of Default by Clerk Against Defendants, Pack & Ride, Inc. and Frank Cordi, III (Doc. #27) is hereby **GRANTED in part and DENIED in part**.

   a. The Motion is **GRANTED** with respect to individual Defendant Frank Cordi, III.

   b. Plaintiffs' Motion is **DENIED without prejudice** with respect to Pack & Ride, Inc.

(2) The Clerk is directed to enter clerk's default against the individual Frank Cordi, III **ONLY**.

**DONE and ORDERED** at Fort Myers, this 10th day of October, 2012.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record