```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

GARY W. LAING and SANDRA LAING,

        Plaintiffs,

vs.                                    Case No. 2:11-cv-566-FtM-29SPC

FRANK CORDI, III, as President for and d/b/a Pack & Ride; PACK & RIDE, INC., a Virginia Corporation; ROBERT W. ESTES, JR., as President for Estes Express Lines, Inc.; and ESTES EXPRESS LINES, INC., a Virginia corporation,

        Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant Estes Express Lines, Inc.'s Motion for Partial Summary Judgment to Limit Liability (Doc. #43) filed on July 19, 2013. Plaintiffs filed a Response in Opposition to Defendant Estes Express Lines, Inc.'s Motion for Partial Summary Judgment to Limit Liability (Doc. #46) on August 2, 2013. Also before the Court is Defendant Estes Express Lines, Inc.'s Motion to Strike Portions of Sandra Laing's Affidavit and Portions of Scott Pierson's Affidavit (Doc. #48) filed on August 16, 2013. Plaintiffs filed a Response to Defendant's Motion to Strike (Doc. #49) on August 29, 2013.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

## II.

Plaintiffs Gary and Sandra Laing (plaintiffs) allege that they contacted Pack & Ride, Inc. (Pack & Ride) in early June 2009 to

arrange for the transportation of their personal and household goods from Michigan to Florida. (Doc. #22, ¶ 9.) Plaintiffs were informed that Pack & Ride would not deliver a trailer to their home until a contract was signed. (Id. at ¶ 10.)

Unwilling to accept the terms and conditions contained in Pack & Rides' contract, plaintiffs contacted a competitor of Pack & Ride and arranged for a trailer to be delivered on or about June 5, 2009. (Id. at ¶¶ 11-13.) Following the delivery of the trailer on or about June 5, 2009, plaintiffs attempted to pay the agreed upon deposit, but it was refused by the driver. (Id. at ¶¶ 14-16.) After loading the trailer with most of their personal and household goods, plaintiffs learned that the trailer was not delivered by the competitor, but rather by Pack & Ride. (Id. at ¶¶ 17-18.) The trailer was picked up by the carrier, Estes Express Lines, Inc. (Estes Express) on June 8, 2009, and plaintiffs were not provided with a contract, a bill of lading, or a document identifying the owner of the trailer or the party moving their property. (Id. at ¶¶ 19, 22.)

Plaintiffs were eventually informed by Frank Cordi, III, the president of Pack & Ride, that they would never see their property again unless they signed Pack & Ride's contract. (Id. at ¶ 24.) Although plaintiffs refused to sign the contract, the trailer was eventually transported to Fort Myers, Florida and an agreement was later reached for plaintiffs to take delivery of their goods. (Id.

at ¶¶ 28-29.) On August 7, 2009, plaintiffs attempted to tender the agreed upon amount, but refused to sign a belated bill of lading or pay any additional costs. (Id. at ¶¶ 30-32.) Plaintiffs ultimately received their property on November 13, 2009; however, upon delivery, plaintiffs discovered most of their household goods and personal property were either missing or destroyed. (Id. at ¶¶ 34-35.)

Count I of the Second Amended Complaint (Doc. #22), the only remaining count against Estes Express, asserts that Estes Express is liable for all loss and damage to plaintiffs' personal and household goods pursuant to the Carmack Amendment, 49 U.S.C. § 14706. Estes Express seeks to limit the amount of its liability.

## III.

Estes Express seeks a partial summary judgment limiting its liability to $1,590.00. Estes Express contends that Pack & Ride acted as plaintiffs' intermediary, and expressly agreed to the terms of a bill of lading limiting Estes Express's liability to no more than $0.10 per pound, in this case $1,590.00. In support of its motion, Estes Express attached the affidavit of Albert D. Wilder, Jr., the claims manager for Estes Express. (Doc. #44, Exh. #1.)

**A. Carmack Amendment**

Under the Carmack Amendment to the Interstate Commerce Act, a carrier of property in interstate commerce is liable for the

"actual loss or injury to the property caused by" the carrier. 49 U.S.C. § 14706(a)(1). "A prima facie case is established under the Carmack Amendment upon proof by a preponderance of the evidence that (1) the goods were delivered to the carrier in good condition, (2) the goods arrived at the destination in damaged condition, and (3) a specified amount of damages resulted." <u>A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp.</u>, 334 F.3d 997, 1003 (11th Cir. 2003). "Once a prima facie case is established, the burden shifts to the carrier to prove (1) that it was free from negligence, and (2) that the damage to the cargo was caused by one of the five excusable factors: (a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods." <u>Id.</u> (citations omitted.) If the carrier cannot meet this burden, then liability is established and the inquiry becomes the amount of damages. <u>Id.</u>

While a carrier is generally liable for "the actual loss or injury to the property" if it loses or damages the shipment, 49 U.S.C. § 14706(a)(1), Estes Express argues that a carrier may limit its liability to a value established by a written agreement between the carrier and shipper or the shipper's intermediary, citing 49 U.S.C. § 14706(c)(1)(A).[1] Estes Express does not contend that it has a written agreement with the Laings, but asserts that Pack &

---

[1] In the parlance of the Carmack Amendment, the Laings are the shippers, Estes Express is the carrier, and Pack & Ride is the alleged intermediary.

Ride was the intermediary of the Laings, and that Estes Express has a written agreement with Pack & Ride limiting liability.

A valid written agreement between a carrier and a shipper's intermediary can be binding on the shipper. In <u>Norfolk Southern Ry. Co. v. Kirby</u>, 543 U.S. 14, 33 (2004), the Supreme Court established the rule: "When an intermediary contracts with a carrier to transport goods, the cargo owner's recovery against the carrier is limited by the liability limitation to which the intermediary and carrier agreed." This rule eliminated the need for carriers to investigate upstream contracts and protects the carrier when an intermediary negotiates a limitation of liability without the consent of the shipper. <u>Werner Enters., Inc. v. Westwind Maritime Int'l, Inc.</u>, 554 F.3d 1319, 1324-25 (11th Cir. 2009) (citation omitted); see also <u>Kawasaki Kisen Kaisha, Ltd. v. Plano Molding Co.</u>, 696 F.3d 647, 654 (7th Cir. 2012). Accordingly, carriers "are entitled to assume that the party entrusted with goods may negotiate a limitation of liability." <u>Werner</u>, 554 F.3d at 1325.

Nonetheless, the limitation of liability must be effective under the Carmack Amendment. The parties focus on § 14706(c)(1)(A), but that is the wrong statute. That statute provides:

> [A] carrier providing transportation or service . . . may . . . establish rates for the transportation of property **(other than household goods described in section 13102(10)(A))** under the liability of the carrier

-6-

for such property is limited to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation.

49 U.S.C. § 14706(c)(1) (emphasis added). It is undisputed that the items involved in this transaction were household goods; therefore, § 14706(c)(1) does not apply.

Rather, § 14706(f), entitled "Limiting liability of household goods carriers to declared value," applies to this case. The section reads:

> (1) In general.—A carrier or group of carriers subject to jurisdiction under subchapter I or III of chapter 135 may petition the Board to modify, eliminate, or establish rates for the transportation of household goods under which the liability of the carrier for that property is limited to a value established by written declaration of the shipper or by a written agreement.
>
> (2) Full value protection obligation.—Unless the carrier receives a waiver in writing under paragraph (3), a carrier's maximum liability for household goods that are lost, damaged, destroyed, or otherwise not delivered to the final destination is an amount equal to the replacement value of such goods, subject to a maximum amount equal to the declared value of the shipment and to rules issued by the Surface Transportation Board and applicable tariffs.
>
> (3) Application of rates.—The released rates established by the Board under paragraph (1) (commonly known as "released rates") shall not apply to the transportation of household goods by a carrier unless the liability of the carrier for the full value of such household goods under paragraph (2) is waived, in writing, by the shipper.

49 U.S.C. § 14706(f). None of the parties discuss the facts of the case as they apply to this statute. Therefore, the motion for summary judgment is denied.

The Motion to Strike requests that the Court strike paragraphs 3-7 of Sandra Laing's affidavit and paragraphs 3-6 of Scott Pierson's affidavit because they are based on lack of personal knowledge or hearsay. (Doc. #48.) Because the Court did not find these paragraphs to be material in its summary judgment disposition, it is unnecessary to rule on whether these statements should be struck from the record.

Accordingly, it is now

**ORDERED**:

1. Defendant Estes Express Lines, Inc.'s Motion for Partial Summary Judgment to Limit Liability (Doc. #43) is **DENIED**.

2. Defendant Estes Express Lines, Inc.'s Motion to Strike Portions of Sandra Laing's Affidavit and Portions of Scott Pierson's Affidavit (Doc. #48) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of October, 2013.

                                                                               JOHN E. STEELE
                                                                               United States District Judge

Copies:
Counsel of record